# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**ANTIONE DORSEY,**

    **Defendant.**

Case No. 2:15-CR-20027-JAR-01

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Antione Dorsey's *pro se* Motion for Early Termination of Supervised Release (Doc. 52). The Court has thoroughly reviewed Defendant's motion and consulted with the United States Probation Officer assigned to supervise Mr. Dorsey, and for the following reasons, **denies** the motion.

Defendant was convicted in the District of Kansas of Aiding or Abetting in the Preparation and Presentation of False Income Tax Returns. On February 22, 2017, he was sentenced to a term of twenty-seven months of custody and a one-year term of supervised release. Defendant commenced the term of supervised release on November 23, 2018.

While Defendant has complied with the terms of his supervision to date, he has only served eight months of his supervised release period. Under 18 U.S.C. § 3583(e)(1),

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—(1) terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year of supervised release*, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Nevertheless, Defendant points the Court to *United States v. Warren*[1] in support of his motion, arguing that the Court may terminate supervised release "after half the term is completed, so long as it considers the factors in 3553(a)."[2] In *Warren*, the Tenth Circuit reiterated that a district court must consider the factors under § 3553(a) when determining whether to exercise its discretion to terminate supervised release under §3583(e)(1).[3] Nowhere in the opinion, however, did the Tenth Circuit hold that a district court may terminate supervised release after half the term is completed. Rather, the Tenth Circuit explicitly quoted the language of 18 U.S.C. § 3583(e)(1), which grants the district court authority to terminate supervised release only "after the expiration of one year."[4]

Here, Defendant has not served one year of supervised release, and accordingly, his motion must be denied under 18 U.S.C. §3583(e)(1).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Early Termination of Supervised Release (Doc. 52) is **denied**.

**IT IS SO ORDERED.**

Dated: August 19, 2019

                                            s/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] 650 F. App'x 614, 2016 WL 3127081 (10th Cir. 2016) (unpublished).

[2] Doc. 52 at 1.

[3] *Warren*, 2016 WL 3127081, at *1.

[4] *Id.*